IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00455-RPM-CBS

JORDAN DICKERSON,
    Plaintiff,
v.

INDEPENDENT CONTRACTOR ALLIANCE, INC.,
    Defendant.

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on the Motion for Default Judgment against Defendant Independent Contractor Alliance, Inc. ("ICA") filed on July 5, 2007 (doc. # 13).[1] Pursuant to the Order of Reference dated March 8, 2007 (doc. # 2) and the memorandum dated March 6, 2008 (doc. # 21), the Motion was referred to the Magistrate Judge. The court has reviewed the Motion, the exhibits and affidavits, the evidence presented at the hearing held May 20, 2008, the supplemental affidavit and authorities filed on May 28, 2008 (docs. # 27 and # 28), the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

Mr. Dickerson filed this civil action on March 7, 2007 to recover overtime pay, liquidated damages, and attorney fees pursuant to the Fair Labor Standards Act, 29

---

    [1]    Defendant Patrick Harr was dismissed from this civil action by order of the court dated March 5, 2008 (doc. # 20).

1

U.S.C. §§ 207 and 216(b).  (*See* Complaint (doc. # 1)).  Mr. Dickerson alleges that between March 27, 2006 and October 6, 2006 he worked 99.75 hours for ICA in excess of a forty-hour work week for which he was not compensated.

II.     Standard of Review

Default judgment may enter against a party who fails to appear or otherwise defend.  Pursuant to Fed. R. Civ. P. 55(b), judgment by default may be entered:

> **(2)  By the Court.**  In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.  If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and accord a right of trial by jury to the parties when and as required by any statute of the United States.

"[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Cablevision of Southern Connecticut, Limited Partnership v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001).  "[I]n civil cases, where a party fails to respond, after notice the court is ordinarily justified in entering a judgment against the defaulting party." *Cablevision of Southern Conn.*, 141 F. Supp 2d at 282 (internal quotation marks and citation omitted). *See also Weft, Inc. v. G.C. Investment Assocs.*, 630 F. Supp. 1138, 1143 (D.C.N.C. 1986) ("upon a default, a plaintiff is entitled to a determination of liability unless he has

2

failed to state a legal basis for relief or it is clear from the face of the complaint that the allegations are not susceptible of proof").

In determining whether a claim for relief has been established, the well-pleaded facts in the complaint are deemed true. *Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). *See also DIRECTV, Inc. v. Bloniarz*, 336 F. Supp. 2d 723, 725 (W.D. Mich. 2004) ("It is well-established that once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability"). In addition, the court accepts the undisputed facts set forth in the affidavits and exhibits.

III. Findings and Conclusions

The court has jurisdiction over the subject matter of this action based on original jurisdiction of all civil actions under the laws of the United States. *See* 28 U.S.C. § 1331. Venue is appropriate in this District, as both of the original Defendants reside in Colorado and the events or omissions giving rise to the claim occurred in Colorado. *See* 28 U.S.C. § 1391(b). (*See also* Complaint (doc. # 1) at ¶ 3; Affidavit in Support of Motion for Default Judgment ("Affidavit") (doc. # 13-2) at ¶ 4). The court has personal jurisdiction over ICA based upon service of copies of the Summons and Complaint on March 26, 2007. (*See* doc. # 4). ICA is a corporation, not an infant or incompetent person. (*See* Affidavit (doc. # 13-2 at ¶ 5)). As of this date, ICA has not appeared, filed an Answer, or otherwise responded in this action. On July 6, 2007, the Clerk of the Court entered default against ICA pursuant to Fed. R. Civ. P. 55(a). (*See* doc. # 16).

The Complaint is supported by the well-pleaded allegations and the evidence.

The undisputed evidence before the court demonstrates that at all times relevant to the Complaint, ICA was an "enterprise engaged in commerce" within the meaning of Title 29 U.S.C. § 203(b) and (s) and was required to comply with the requirements of Title 29 U.S.C. §§ 201-219, including overtime compensation. (*See* Affidavit (doc. # 13-2 at ¶¶ 6-7)). Mr. Dickerson was a nonexempt employee who was paid a regular hourly rate of $20.00 per hour. (*See* Affidavit (doc. # 13-2 at ¶¶ 8-9); *see also, e.g.*, Exhibits A and B (doc. # 13-2 at pp. 5-6 of 8)). Through his recollection and notes made at the time the work was performed, Mr. Dickerson has demonstrated that he worked 99.75 hours of overtime for which he was not compensated. (*See* Supplemental Affidavit (doc. # 27); Affidavit (doc. # 13-2 at ¶¶ 10-15); *see also, e.g.*, Exhibit C (doc. # 13-2 at p. 7 of 8)). *See Robinson v. Food Service of Belton, Inc.*, 415 F. Supp. 2d 1232, 1235 (D. Kan. 2005) ("in FLSA cases where the employer's time records are inaccurate or incomplete, an employee's burden is met if he proves that he has in fact performed the work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference") (internal quotation marks and citation omitted). ICA is not entitled to an offset for the five weeks in which Mr. Dickerson worked less than 40 hours but was still paid for 40 hours of work. *See* 29 U.S.C. § 207 (permitting a "public agency" to award compensatory time off in lieu of overtime compensation). The undisputed evidence before the court demonstrates that ICA is liable to Mr. Dickerson for payment of 99.75 hours of overtime pay in the amount of $2,992.50, for liquidated damages in the amount of $2,992.50, the amount equal to his unpaid wages, for a reasonable attorney fee in the amount of $1,420.00, and for incurred costs in the amount of $576.00, for a total

judgment in the amount of $7,981.00 plus postjudgment interest at the current rate of 2.09%.[2] Accordingly,

IT IS RECOMMENDED that the Motion for Default Judgment (filed July 5, 2007) (doc. # 13) be GRANTED and that default judgment be entered on the Complaint in favor of Plaintiff Dickerson and against Defendant Independent Contractor Alliance, Inc. in the amount of:

> (1) $2,992.50 for 99.75 hours of overtime work at the rate of $30.00 per hour;
> (2) $2,992.50 for liquidated damages in the amount equal to his unpaid wages;
> (3) $1,420.00 for attorney fees; and
> (4) $576.00 for costs,

for a total judgment of $7,981.00, plus postjudgment interest at the current rate of 2.09%.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's

---

[2] Mr. Dickerson may not recover both liquidated damages and prejudgment interest. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 715 (1945) (while interest is customarily allowed as compensation for delay in payment, the FLSA authorizes recovery of liquidated damages as compensation for delay in payments due).

5

objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 29th day of May, 2008.

BY THE COURT:

   s/Craig B. Shaffer
United States Magistrate Judge